UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CNH CAPITAL AMERICA LLC                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:10CV-350-CRS

HUNT TRACTOR, INC., *et al*.                                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court for consideration of the following motions:

(1)  Motion of the Plaintiff, CNH Capital America, LLC ("CNH"), to strike Defendant, Dominick Pagano's, motion for summary judgment (DN 130; DN 129) or, alternatively, for an extension of time to respond/reply (DN 131).

(2)  Motion of the Plaintiff, CNH, for a pretrial conference and to set a trial date (DN 132).

(3)  Motion of the Plaintiff, CNH, for a hearing on the above pending motions and Pagano's motion for summary judgment (DN 133).

Fully briefed, these matters are now ripe for adjudication.  Having considered the parties' respective positions, we conclude that Pagano's renewed motion for summary judgment was proper.  For the reasons set forth below, the Court will deny the Plaintiff's motions to strike, for a pretrial conference and to set a trial date, as well as its motion for a hearing.  We will also grant the Plaintiff's motion for an extension of time to respond/reply to Defendant's motion for summary judgment. DN 130; DN 131; DN 132; DN 133.

1

I.

On April 15, 2012, Pagano filed a motion for summary judgment in this matter requesting that the Court dismiss all of CNH's claims against him – Counts III, IV, V, VI, VII, VIII, IX, X, and XI. DN 102. CNH responded by filing a motion for partial summary judgment against all Defendants. DN 103. We assessed the merits of these motions and granted Pagano's motion for summary judgment in full, thereby dismissing all Counts against him. DN 117.

In our opinion, we briefly discussed Count XI against Pagano in CNH's complaint. *Id*. We noted that a plaintiff must prove the following elements to establish a claim for conversion under Kentucky law:

> (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of the property.

*Id*. at 33. The Court then went on to find, "without deciding whether the plaintiffs can establish any of the other elements," that "the evidence as to the third element[, dominion and control, wa]s lacking." *Id*. We so held because "Pagano . . . never exercised control over th[e relevant] proceeds, . . . the proceeds were in control of Hunt Tractor, . . . [and] Pagano was ordering the loans to be repaid . . . [only] on behalf of Hunt Tractor." *Id*. We rejected CNH's theory that Pagano exercised dominion over the proceeds because he benefitted from the conveyance at issue. *Id*. CNH nevertheless took issue with our ruling and appealed to the Sixth Circuit.

On appeal, the Sixth Circuit affirmed our decision to grant summary judgment as to all counts *except* for CNH's conversion claim, citing two errors in our discussion of that count. DN 124, p. 9-10. First, it found that we erred in finding that Pagano was responsible for ordering the loans to be repaid, concluding instead that there were genuine issues of fact on that question. *Id*. Second, the court found that we erred in finding that Pagano could not be personally liable for conversion as a matter of law because, if he did in fact order the loans to be repaid, he was a minority shareholder of Hunt Tractor that could be personally liable for acting on behalf of Hunt Tractor. *Id*. Consequently, the Sixth Circuit "remand[ed] this issue for proceedings consistent with [its] opinion." *Id*. Pagano then filed a Petition for Panel Rehearing with the Sixth Circuit, seeking rehearing on the conversion claim and modification certain language in its opinion. The Sixth Circuit granted the petition in part by modifying its opinion only to the extent that it deleted language discussing a non-existent contractual requirement about remitting proceeds from a sale of inventory. DN 130-4. The conversion analysis did not change, however, and remand followed. *Id*.

Thereafter, Pagano filed a renewed motion for summary judgment on CNH's conversion claim with this Court. DN 129. In this renewed motion, Pagano now argues that CNH is unable to prove the first, second, and sixth elements of conversion. DN 129-1. His motion does not contest or address the third element – dominion and control. *Id*. CNH responded by moving to strike Pagano's motion. DN 130. Along with its motion to strike, CNH alternatively moved the Court to extend its time to respond/reply to Pagano's motion in the event that we deny its motion to strike. DN 131. Also, CNH moved the Court for an order setting a trial date and pretrial conference, which will only be appropriate if CNH's motion to strike is granted, and for a hearing on these pending motions. DN 132.

3

## II.

CNH moved the Court to strike Pagano's motion for summary judgment on two bases: 1. because Pagano allegedly raises arguments that were made to and rejected by the Sixth Circuit which may not be reargued them under the "law of the case" doctrine; and, 2. because Pagano allegedly raises new arguments in his motion that are untimely and, resultantly, have been waived. We will address these contentions in turn.

### A. Law of the Case Doctrine

First, the Plaintiff has moved to strike Defendant Pagano's motion for summary judgment under the law of the case doctrine. The law of the case prevents relitigation of an issue once it has been decided. *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir.2005), *aff'd*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). One specific application of this doctrine holds that a district court is bound to the scope of remand issued by a court of appeals – this is the application relevant here. *See Scott v. Churchill*, 377 F.3d 565, at 570 (6th Cir. 2004). It requires us, as a district court, to proceed in accordance with the mandate and the law of the case as established by the Sixth Circuit. *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013).

But practically speaking, how does a district court determine which issues it is forbidden from hearing on remand? The answer to that question is fairly straightforward: the law of the case only prevents relitigation of "those questions *necessarily decided* in the earlier appeal." *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997). An issue was "necessarily decided" on appeal, moreover, if it was "fully briefed and squarely decided." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F. App'x 370, 374 (6th Cir. 2004) (citing 1B James Wm. Moore, *Moore's Federal Practice* ¶ 0.404[1], at II–5 (2d ed.1996)). And although

the Plaintiff is correct that the law of the case includes issues that were "implicitly resolved" on appeal, it simply does not extend to preclude consideration of issues that were not presented *or* issues that were not decided. *Conway v. Chem. Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1062 (5th Cir. 1981).

In order to implement the Sixth Circuit's mandate, we must by take into account the circumstances its opinion embraces and the context of its analysis. *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) *cert. denied sub nom. Mason v. Johnson*, 134 S. Ct. 1937, 188 L. Ed. 2d 964 (2014); *United States v. O'Dell*, 320 F.3d 674, 681 (6th Cir. 2003). As such, we begin by looking to the impetus for its decision: our opinion on Pagano's original motion for summary judgment. In that opinion, we found that CNH's evidence of conversion was lacking because:

> Pagano, as an individual, never *exercised control* over those proceeds. The proceeds were *within the control* of Hunt Tractor, which used them to pay Commonwealth Bank. While the evidence put forth by CNH shows that Pagano was ordering the loans to be repaid, it is clear that he did so *on behalf of Hunt Tractor*.

DN 117, p. 33 (emphasis added). Critical to the context of CNH's appeal, we also explicitly stated that we were not "deciding whether the plaintiffs c[ould] establish any of the other elements" of conversion. *Id*. Therefore, based on the dominion-and-control element *only*, we granted Pagano's motion for summary judgment on conversion.

On appeal to the Sixth Circuit, CNH challenged, in pertinent part, our decision to grant Pagano's motion for summary judgment on CNH's conversion claim. Lest there had been any doubt, the Court of Appeals began by reiterating that we had "only analyzed the dominion and control element" of CNH's conversion claim. DN 117, p. 33. The Sixth Circuit then set the scope of its analysis by identifying the parties' relevant arguments:

5

> CNH argues that because Pagano was neither an employee or officer of Hunt Tractor, Pagano claims to have had *no authority to act on behalf* of Hunt Tractor, and that the district court found Pagano *directed the funds* to be paid, Pagano must have *asserted dominion and control* over the proceeds. CNH further argues that a corporate officer can be personally liable for acts committed *on behalf* of a corporation. Pagano argues that he could not have *exercised dominion and control* over the funds because the Hunt Tractor bank account was *controlled solely by* Hunt, and that any benefit received by Pagano did not amount to *dominion and control*.

DN 124, p. 9 (emphasis added). As evidenced by the terms we have marked with emphasis, the Sixth Circuit only found it necessary to discuss the parties' dominion-and-control arguments in assessing CNH's conversion claim. It is undisputed, however, that Pagano raised arguments that related to other elements of conversion; but, like this Court, the Sixth Circuit did not address them. Nor were they required to do so because our holding was limited to the dominion-and-control element. *See U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL–CIO*, 330 F.3d 747, 750 (6th Cir.2003).

Then the Sixth Circuit decided to reverse our grant of summary judgment on the conversion claim based on two conclusions: 1. that we "erred when [we] found that Pagano was responsible for ordering the loans to be repaid; and, 2. that we "erred, as a matter of law, when [we] found that Pagano could not be personally liable for conversion because the proceeds were always maintained within the bank account of Hunt Tractor." DN 124, p. 9-10. It comes as no surprise that these conclusions mirror the exact language used in our dominion-and-control discussion; because, quite plainly, the Sixth Circuit's analysis was similarly limited to that element of conversion. See DN 117 ("Pagano was ordering the loans to be repaid . . . [but] did so on behalf of Hunt Tractor."). Considering the totality of circumstances surrounding "the letter and spirit" of the appeal, there is no indication that the Sixth Circuit gave any consideration to any of the other six elements of conversion. *See Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir.

6

2013) *cert. denied sub nom. Mason v. Johnson*, 134 S. Ct. 1937, 188 L. Ed. 2d 964 (2014). Thus, Pagano is only prohibited from relitigating judgment as a matter of law on the third element of conversion – dominion and control – on remand, but may proceed with his other arguments.

Still, CNH argues that "[t]he fact that the Sixth Circuit did not expressly address Pagano's [other arguments] does not allow this Court to reconsider the issues. The Sixth Circuit reversed summary judgment to Pagano and thus rejected *all* of Pagano's arguments." DN 130, p. 8. But this disregards two well-settled points of law. First, a court of appeals "*may* of course affirm a district court's judgment on legal grounds not relied upon by the lower court," but is not required to do so. *Molosky v. Washington Mut., Inc.*, 664 F.3d 109, 116 (6th Cir. 2011) (citing *U.S. Postal Serv.* 330 F.3d at 750). So, regardless of whether we granted summary judgment based solely on the dominion-and-control element, the Sixth Circuit could have, but was not required to, rely on or discuss any of the alternative arguments put forth by Pagano on appeal. It exercised that right here. Second, to use a decision cited by CNH, the law of the case doctrine "applies only to the issues decided, not to all those presented for decision but *left unanswered*." *See* DN 130; *Conway v. Chem. Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1062 (5th Cir. 1981) (quoting *Lehrman v. Gulf Oil Corporation*, 500 F.2d 659, 663 (5th Cir. 1974); *see also Coal Res., Inc. v. Gulf & W. Indus., Inc.*, 865 F.2d 761, 766 (6th Cir.) *opinion amended on denial of reh'g sub nom. Coal Res., Inc., No. 11 v. Gulf & W. Indus., Inc.*, 877 F.2d 5 (6th Cir. 1989). Yet, CNH has not argued that any part of the Sixth Circuit's opinion addressed, let alone resolved, Pagano's arguments through the lens of the other six (6) elements of conversion. Hence, whether Pagano made alternative arguments is of no consequence on remand because the Court of Appeals opted to resolve the appeal without addressing them.

The Sixth Circuit's decision in *Haddad v. Alexander, Zelmanski, Danner & Firitto, PLLC ("Haddad II")*, 758 F.3d 777 (6th Cir. 2014) is instructive.[1] When that case initially appeared before the district court, the plaintiff argued both that the condominium assessments at issue qualified as "debt" under the Fair Debt Collection Practices Act ("FDCPA") *and* that the Defendant failed to verify such debt. The district court nevertheless refrained from deciding the latter issue because it found that the assessments were not a "debt" at all. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC ("Haddad I")*, 698 F.3d 290, 292 (6th Cir. 2012). On appeal, the Sixth Circuit disagreed and held that the assessments in question were, in fact, a "debt," and remanded the matter for further proceedings. In light of this reversal, the district court then "took up the [failure-to-verify] issue on remand." *Haddad II*, 758 F.3d at 782. On a subsequent appeal, the defendant challenged this district court's decision to address the verification issue on the grounds that the plaintiff had already presented these arguments to the Sixth Circuit. *Id*. However, the Sixth Circuit concluded that the district court's reconsideration of that issue was proper because the issue had not been "decided 'expressly or impliedly by the appellate court.'" *Id*. Here, we are allowed to consider Pagano's remaining arguments for the same reason.

This Court explicitly refrained from analyzing any elements of CNH's conversion claim other than dominion and control, and the Sixth Circuit did the same on appeal. The law of the case does not preclude Pagano from disputing the other elements of CNH's conversion claim. Because Pagano's renewed motion addresses the first, second, and sixth elements of conversion

---

[1] The opinion in *Kindle v. City of Jeffersontown, Ky.*, though not addressed by the parties, is also strikingly similar to the case at hand. *See Kindle v. City of Jeffersontown, Ky.*, 589 F. App'x 747, 755 (6th Cir. 2014). There, because the Sixth Circuit did not explicitly or implicitly address the veracity of the plaintiffs' speech, an element of the defamation claim at issue, the defendants were not precluded from challenging that element of the defamation claim on remand. *Id.*

and not dominion and control, we find that his motion is not barred under the law of the case. We will deny CNH's motion to strike for that reason. We will, however, grant CNH's request for an extension of time to respond to Pagano's motion.

### B. Untimely Arguments

Second, CNH moves to strike all portions of Pagano's motion for summary judgment that raise new arguments on the basis that these arguments are untimely and, thus, waived. DN 130. Pagano concedes both that his renewed motion sets forth arguments defending against CNH's conversion claim that he did not raise in his original motion for summary judgment and that the deadline for dispositive motions has passed. However, he asks us modify the parties' scheduling order under Fed. R. Civ. P. 16(b) to permit him to raise these new arguments. We will do so for the following reasons.

Per Pagano's request, we will treat his motion for summary judgment as a request to modify the scheduling order because it was filed after the applicable dispositive motion deadline. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). We must still, however, address the merits of that request. Under Fed. R. Civ. P. 16(b), a court may modify the parties' scheduling order for "good cause," the primary measure of which is the moving party's diligence in attempting to meet the deadline. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also, Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). A court should also consider possible prejudice to the nonmoving party, although this factor is not dispositive. *Leary*, 349 F.3d at 906.

Here, Pagano originally pled his waiver and estoppel theories as affirmative defenses in his amended response. DN 80. He then complied with Court's scheduling order when he filed his original motion for summary judgment, although it did not include these defenses. DN 102.

9

At that point in the litigation, however, Pagano was seeking summary judgment on Counts III, IV, V, VI, VII, VIII, IX, X, XI, and XII against him – ten (10) claims in total. DN 102.  Pagano was ultimately successful in defeating nine (9) of those claims, and we cannot say that he was not diligent by failing to assert two properly pled affirmative defenses against a conversion claim that he believed was, and may still be, futile on the grounds he asserted.  True, Pagano could have asserted his waiver and estoppel arguments in this motion, but courts have never required that a defendant "who has properly pled an affirmative defense in his answer – as is the case here – to also file a motion for summary judgment in order to preserve the affirmative defense." *Kindle*, 589 F. App'x at 755.  Moreover, we granted summary judgment in Pagano's favor on CNH's conversion claim (for the reasons laid out above) after the deadline had passed, and CNH's appeal followed. DN 118; DN 123.  Because we decided this claim on the dominion-and-control element of conversion only, it is likely that we would not have reached the merits of Pagano's affirmative defenses.  As such, in light of the unusual circumstances surrounding Pagano's original motion and CNH's appeal, we believe Pagano acted with proper diligence.

Further, we find no prejudice to CNH in allowing Pagano to advance these affirmative defenses now.  Pagano asserted his defenses of waiver and estoppel in his answer, so CNH has long been aware of them. DN 80.  In fact, CNH deposed Scott Hunt and Sheri Talley on these topics. DN 129-3; DN 129-4.  Additionally, no trial date has been set in the matter.  Therefore, because Pagano acted diligently to meet the scheduling deadline and CNH will not be prejudiced, we will modify the scheduling order under Fed. R. Civ. P. 16(b) to permit Pagano to assert his waiver and estoppel defenses.

## III.

For the reasons set forth herein, the Court will deny the Plaintiff's motion to strike the Defendant's renewed motion for summary judgment (DN 130) and grant the Plaintiff's alternative request for an extension of time to respond to the Defendant's motion. (DN 131). In light of this ruling, the Court will deny the Plaintiff's motion for a pretrial conference and to set a trial date. (DN 132). Finding no need for a hearing, we will also deny Plaintiff's request for a hearing on these motions. (DN 133). A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

March 27, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**